IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANGEL COOLEY, on behalf of herself and the class members defined herein, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| CONVERGENT OUTSOURCING, INC., and JEFFERSON CAPITAL SYSTEMS, LLC, | ) ) ) |
| Defendants. | ) ) |

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1. Plaintiff Angel Cooley brings this action to secure redress from unlawful credit and collection practices engaged in by defendants Convergent Outsourcing, Inc. ("Convergent") and Jefferson Capital Systems, LLC ("Jefferson"). Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C.A. § 1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes

the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## VENUE AND JURISDICTION

7. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

8. Venue and personal jurisdiction in this District are proper because:

    a. Defendants' collection communications were received by plaintiff within this District;

    b. Defendants do or transact business within this District.

## PARTIES

9. Plaintiff Angel Cooley is an individual who resides in Aurora, Illinois.

10. Convergent is a Washington corporation with principal offices at 800 SW 39th, Strenton, Washington 98057. It does business in Illinois. Its registered agent and office is CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

11. Convergent's business activities consist of (a) acting as a collection agency, using the mails and telephone system to collect delinquent debts for others, and (b) acting as a debt buyer, purchasing delinquent debts and using the mails and telephone system to collect them.

12. Convergent states on its website:

> Convergent is one of the largest contingency collection companies in the United States, with leading clients from a wide variety of industries, including banks, financial institutions, retailers, telecommunications companies, cable and satellite service providers and utilities. We are skilled at dealing with debtor resistance to paying their obligations and use proven strategies and collection techniques to encourage voluntary payment in compliance with applicable law, regulation and client policy.

(http://www.convergentusa.com/receivables/service.php?s=32)

13. Convergent is a debt collector as defined in the FDCPA

14. Jefferson is a limited liability company chartered under the law of Georgia with principal offices at 16 McLeland Road, St. Cloud, MN 56303.

15. Jefferson's business activities consist of (a) acting as a collection agency, using the mails and telephone system to collect delinquent debts for others, and (b) acting as a debt buyer, purchasing delinquent debts and using the mails and telephone system to collect them.

16. Jefferson describes its business as follows on a web site

> Jefferson Capital is an industry-leading provider of traditional and unique recovery services for consumer charged-off accounts. Our clients include creditors and national debt buyers. We offer services such as a Payment Rewards Collections Program, purchasing and servicing of secured and unsecured bankruptcies, as well as traditional purchasing of distressed portfolios.

(http://www.jeffersoncapitalinternational.com/us/about-jefferson-capital.html)

17. On information and belief, Jefferson does not handle non-delinquent accounts.

18. Jefferson is a debt collector as defined in the FDCPA.

**FACTS RELATING TO THE PLAINTIFF**

19. Defendants have been attempting to collect from plaintiff an alleged Target credit card debt incurred, if at all, for personal, family or household purposes and not for business purposes.

20. On or about March 8, 2017, Convergent, acting on behalf of Jefferson, sent plaintiff the letter attached as Exhibit A.

21. Exhibit A is the first letter plaintiff received from defendants regarding the debt described therein.

22. On information and belief, based on its contents, Exhibit A was the first letter defendants sent to plaintiff regarding the debt described therein.

23. The debt became delinquent in January 2008. No payments have been made since then.

24. On March 8, 2017, more than five years had elapsed since the last payment or activity on the account which is the subject of Exhibit A.

## FACTS - GENERAL

25. Convergent and Jefferson regularly seek to collect credit card debts..

26. The statute of limitations on a credit card debt in Illinois is five years.

27. Convergent and Jefferson regularly attempt to collect debts on which the statute of limitations has expired.

28. On information and belief, Jefferson's computer system includes the statute of limitations date.

29. Convergent regularly sends letters in the form of Exhibit A relating to debts in which the statute of limitations has expired.

30. Exhibit A offers to settle the debt.

31. Nothing in Exhibit A disclosed that the law prohibited defendants from bringing a lawsuit to collect the debt because the statute of limitations had run.

32. While the letter states that 'we cannot sue to collect this debt and providing a

4

partial payment may revive the creditor's ability to sue to collect the balance," it does not state why "we" cannot sue or explain who "we" is (Convergent or Jefferson). See *Pantoja v. Portfolio Recovery Associates, LLC* 15-1567, 2017 WL 1160902 (7th Cir. March 29, 2017).

## COUNT I – FDCPA

33. Plaintiff incorporates paragraphs 1-32.

34. It is the policy and practice of Convergent and Jefferson to send or cause the sending of letters seeking to collect time-barred debts that do not disclose the law prohibits them from bringing a lawsuit to collect a debt because the statute of limitations has run.

35. Disclosure of this information is required by law in order that letters offering to settle time-barred debts are not misleading.

36. The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations . . . . When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm)

37. In early 2012, the FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. *United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC,* Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

38. On October 1, 2012, the Consumer Financial Protection Bureau, which has taken over much of the FTC's enforcement responsibility and has been granted rule-making authority with respect to debt collection, the Federal Deposit Insurance Corporation, the Federal Reserve

5

Board, and the Office of the Comptroller of the Currency entered into consent orders with three American Express-related entities requiring disclosure that debts they attempt to collect were time-barred. 2012-CFPB-0002; 2012-CFPB-0003; 2012-CFPB-0004. The orders require that "the Bank shall continue to provide disclosures concerning the expiration of the Bank's litigation rights when collecting debt that is barred by the applicable state statutes of limitations . . . ." (2012-CFPB-0002, p. 6 of 35, 2012-CFPB-0003, p. 5 of 28).

39. The October 1, 2012 orders further require disclosure of "all material conditions, benefits and restrictions concerning any offer of settlement. . . ." (2012-CFPB-0002, p. 7 of 35, 2012-CFPB-0003, p. 6 of 28). Thus, they recognize that "settlement offers" that fail to disclose material information may be misleading.

40. On January 30, 2013, the FTC issued its report, *The Structure and Practices of the Debt Buying Industry*, available at http://www.ftc.gov/os/2013/01/ debtbuyingreport.pdf. The report reaffirms its position in the *United States of America v. Asset Acceptance, LLC*, No. 8:12-cv-182-T-27EAJ (M.D. Fla. 2012), *American Express Centurion Bank* (FDIC-12-315b, FDIC-12-316k, 2012-CFPB-0002), *American Express Bank, FSB* (2012-CFPB-0003) and *American Express Travel Company, Inc.* (2012-CFPB-0004) cases, that a defendant may violate the FDCPA by sending a collection letter demanding payment of a time barred debt without disclosing that the debt was time barred.

41. The report cites to a study (Timothy E. Goldsmith & Natalie Martin, *Testing Materiality Under the Unfair Practices Acts: What Information Matters When Collecting Time-Barred Debts?*, 64 Consumer Fin. L.Q. Rep. 372 (2010)) that establishes the disclosure that a debt is time barred in a debt collection letter is material to the consumer.

42. Convergent and Jefferson engaged in unfair and deceptive acts and practices, in

violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), and 1692e(10), by sending consumers letters such as <u>Exhibit A</u>, offering to settle time-barred debts without disclosure of that fact.

43. Plaintiff was thereby deprived of material information defendants were required by law to provide.

44. Section 1692e provides:

> **§ 1692e. False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2) The false representation of--**
>
> **(A) the character, amount, or legal status of any debt; . . .**
>
> **(5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

## CLASS ALLEGATIONS

45. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

46. The class consists of (a) all individuals with Illinois addresses (b) to whom Convergent (c) sent a letter offering a settlement of a debt in the form represented by <u>Exhibit A</u> (d) which debt was a credit card debt on which the last payment had occurred more than five years prior to the letter, (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

47. On information and belief, the class is so numerous that joinder of all members is

not practicable.

48. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

49. Similar actions have been certified as class actions. *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076 (7th Cir. 2013); *McMahon v. LVNV Funding*, LLC, 807 F.3d 872, 875 (7th Cir. 2015); *Mitchell v. LVNV Funding, LLC*, No. 2:12–CV–523–TLS, 2015 WL 7016343 (N.D. Ind., Nov. 10, 2015); *Luther v. Convergent Outsourcing, Inc.*, 2016 WL 1698396 (E.D. Mich. Apr. 28, 2016).

50. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

51. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

52. A class action is superior for the fair and efficient adjudication of this matter, in that:

    (1) Individual actions are not economically feasible;

    (2) Members of the class are likely to be unaware of their rights;

    (3) Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for:

    (a) Statutory damages;

    (b) Actual damages, including all amounts paid on time-barred

        debts;

    (c)    Attorney's fees, litigation expenses and costs of suit;

    (d)    Such other and further relief as the Court deems proper.

        /s/ Daniel A. Edelman
        Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)